United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND SAMUEL SAUNDERS,      No. C-11-6322 EMC (pr)

    Plaintiff,

    v.     **ORDER OF SERVICE**

SAN FRANCISCO SHERIFF'S DEPT., *et al.*,

    Defendants.

_____/

## I.    INTRODUCTION

Raymond Samuel Saunders, an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983 asserting an excessive force claim. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II.    DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was

committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In his complaint, Saunders alleges that San Francisco Sheriff's Deputy Garay (badge # 2101) used excessive force on him on April 26, 2011. Saunders alleges that Deputy Garay pushed Saunders while escorting him, then took Saunders to an interview room where he assaulted and struck Saunders 2-3 times, causing him to fall, and continued to hit Saunders. The Due Process Clause of the Fourteenth Amendment protects a pretrial detainee from the use of force that amounts to punishment. *Graham v. Connor*, 490 U.S. 386, 395 n.10 (1989) (citing *Bell v. Wolfish*, 441 U.S. 520, 535-39 (1979)). Liberally construed, the complaint states a § 1983 claim against defendant Deputy Garay for a due process violation based on his alleged use of excessive force.

The complaint does not state a claim against the San Francisco Sheriff's Department. Although the Sheriff's Department is listed as a defendant, there are no allegations against it. The Sheriff's Department apparently was named as a defendant because it employs Deputy Garay. That is an insufficient basis for liability under § 1983 because there is no respondeat superior liability under § 1983, *i.e.* no liability under the theory that one is responsible for the actions or omissions of an employee. *See Monell v. Dep't of Social Servs*., 436 U.S. 658, 691 (1978) (no respondeat superior liability for municipalities).

### III. CONCLUSION

1. The complaint states a cognizable § 1983 claim against San Francisco Sheriff's Deputy Garay for a due process violation. All other Defendants are dismissed.

2. The Clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the amended complaint and a copy of all the documents in the case file upon Deputy Garay (badge # 2101), who apparently works for the San Francisco Sheriff's Department at County Jail # 4.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **July 13, 2012**, Defendant must file and serve a motion for summary judgment or other dispositive motion. If Defendant is of the opinion that this case cannot

be resolved by summary judgment, Defendant must so inform the Court prior to the date the motion is due.

   b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the Court and served upon Defendant no later than **August 17, 2012**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (*Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).)

Plaintiff also should take note that a Defendant may file a motion to dismiss for failure to exhaust administrative remedies instead of, or in addition to, a motion for summary judgment. A motion to dismiss for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, result in the termination of the action. The Plaintiff must "develop a record" and present it in his opposition to dispute any "factual record" presented by a defendant's motion to dismiss. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003).

   c. If Defendant wishes to file a reply brief, the reply brief must be filed and served no later than **September 7, 2012**.

  4. All communications by Plaintiff with the Court must be served on a Defendant's counsel by mailing a true copy of the document to Defendant's counsel. The Court may disregard any document which a party files but fails to send a copy of to his opponent. Until a Defendant's

counsel has been designated, Plaintiff may mail a true copy of the document directly to Defendant, but once a Defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that Defendant.

5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this Court for consideration in this case.

IT IS SO ORDERED.

Dated: May 15, 2012

_____
EDWARD M. CHEN
United States District Judge