UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

RAYMOND SAMUEL SAUNDERS,

        Plaintiff,

    v.

MARIO GARAY, et al.,

        Defendants.

Case No.  11-cv-06322-WHO

**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; GRANTING DEFENDANTS' MOTION TO STRIKE**

Re: Dkt. Nos. 42, 48

### INTRODUCTION

Defendants City and County of San Francisco and San Francisco Sheriff's Deputy Mario Garay move to dismiss plaintiff Raymond Saunders's state law claims added in his amended complaint.  The defendants argue that the state law claims are untimely and cannot relate back to Saunders's initial Section 1983 complaint because the public entity, San Francisco, was dismissed from that complaint and, per the California Government Code, the claims against Garay are barred if the claims against San Francisco are barred.  Plaintiffs also seek to dismiss Saunders's request for injunctive relief because Saunders has not pleaded a threat of future injury.

Defendants' motion is GRANTED IN PART and DENIED IN PART.  The motion is DENIED regarding the state law claims.  Relating back the state law claims against San Francisco is proper because Saunders, acting *pro se*, named San Francisco as a defendant in his initial Section 1983 complaint and because the state law claims are based on the same causes of action as

the Section 1983 claim.  As the state law claims against San Francisco relate back, the

Government Code does not bar relating back the claims against Sheriff Garay as well.  The motion

is GRANTED regarding Saunders's request for injunctive relief because Saunders has not pleaded

that he faces a threat of future injury

**BACKGROUND**

Saunders filed a claim against San Francisco with the California Victim Compensation and

Government Claims Board on October 17, 2011, alleging that he was assaulted while handcuffed

by defendant San Francisco Sheriff's Deputy Mario Garay on April 26, 2011.  Dkt. No. 43-1.  The

Claims Board rejected Saunders's claim on November 17, 2011.  *Id.*  Proceeding *pro se* while an

inmate at the San Francisco County Jail, Saunders filed a complaint against San Francisco and

Deputy Garay with this Court on December 14, 2011, alleging violations of his civil rights under

42 U.S.C. § 1983 based on the same allegations as his claim.  Dkt. No. 1.

A federal court must engage in a preliminary screening of any case in which a prisoner

seeks redress from a governmental entity or officer or employee of a governmental entity.  *See* 28

U.S.C. § 1915A(a).  Pursuant to that preliminary screening, on May 5, 2012, the Hon. Edward M.

Chen dismissed San Francisco as a defendant after determining that Saunders's complaint did not

state a claim against San Francisco.  Judge Chen explained that:

> Although the Sheriff's Department is listed as a defendant, there are
> no allegations against it. The Sheriff's Department apparently was
> named as a defendant because it employs Deputy Garay. That is an
> insufficient basis for liability under § 1983 because there is no
> respondeat superior liability under § 1983, i.e. no liability under the
> theory that one is responsible for the actions or omissions of an
> employee.

Dkt. No. 5 at 2.

By letter dated May 23, 2013, Saunders requested appointment of counsel.  Dkt. No. 17.

The case was reassigned to me on June 27, 2013.  I appointed counsel for Saunders on April 17,

2014 following unsuccessful alternative dispute resolution efforts.  Dkt. No. 28.

United States District Court
Northern District of California

Once represented, Saunders filed a first amended complaint ("FAC") on June 24, 2014.[1] Dkt. No. 37.  In addition to his original Section 1983 claim, Saunders's FAC asserts three new claims under California state law: (i) violation of the Bane Civil Rights Act, (ii) battery, and (iii) negligence.  Saunders's FAC also adds a prayer for relief for injunctive relief.

Defendants move to dismiss Saunders's three state law claims as time barred and the request for injunctive relief as inadequately pleaded.[2]

## DISCUSSION

## I.    RELATION BACK

Under the California Tort Claims Act, a "notice-of-claim" must be filed for actions against a public entity for personal injury "not later than six months after the accrual of the cause of action." Cal. Gov. Code § 911.2.  The purpose of the "notice-of-claim" requirement is "to give the public entity the opportunity to evaluate the merit and extent of its liability and determine whether to grant the claim without the expenses of litigation." *Crow v. State of California,* 222 Cal.App.3d 192, 202 (1990).  If the claim is denied, the plaintiff must then commence a civil action "not later than six months after the date such notice is personally delivered or deposited in the mail."  Cal. Gov. Code § 945.6(a)(1).  There are thus two procedural requirements when bringing a claim for personal injury against a public entity: (i) notice of claim is made to the public entity and (ii) if the claim is denied, civil action must be filed within the statute of limitations period—six months in this case.

There is no dispute that this lawsuit was timely.  Rather, defendants argue that Saunders's state law claims, added in his FAC filed on June 10, 2014, are untimely because they were not filed within six months of the denial of his notice of claim on November 17, 2011.  Saunders argues, and I agree, that the state law claims are timely because, for purposes of the statute of

---

[1] The filing of Saunders's first amended complaint was in compliance with the scheduling timeline established at the Case Management Conference on June 10, 2014.

[2] On August 13, 2014, Saunders filed a declaration in support of his opposition to the defendants' motion to dismiss filed 19 days earlier, on July 25, 2014.  Dkt. No. 47.  Defendants moved to strike the declaration as untimely, filed without leave, and without a showing of excusable neglect. Dkt. No. 48.  Saunders did not response to the defendants' motion to strike.  The motion to strike is GRANTED as the declaration was untimely and filed without leave of the Court.

United States District Court
Northern District of California

1    limitations, they relate back to the date of the filing of Saunders's original complaint.

2         Under the relation-back doctrine, if "a new cause of action added by amendment 'relates

3    back' to the claims of the initial complaint, the new cause of action will be deemed, for purposes

4    of the statute of limitations, to have been filed on the date of filing of the initial complaint."

5    *Brumley v. FDCC California, Inc.,* 156 Cal.App. 4th 312, 319 (2007).  An amended pleading will

6    "relate back" if it: (1) rests on the same general set of facts as the original complaint and (2) refers

7    to the same accident and the same injuries as the original complaint.  *San Diego Gas & Elec. Co.*

8    *v. Superior Court,* 146 Cal.App. 4th 1545, 1549 (2007).

9         Defendants cite *Chase v. State of California*, 67 Cal. App. 3d 808, 811-812 for the

10   proposition that "[i]f a plaintiff omits from his original complaint known state claims against

11   known public entities or employees, a plaintiff may not rely on relation back to avoid the six

12   months statute of limitations."[3]  Mot. at 5.  They concede that judges in this District permitted

13   relation back of state claims against public entities in *Montes v. Rafalowski*, 09-cv-00976 RMW,

14   2012 WL 1595683 (N.D. Cal. May 4, 2012), *Jaffe v. Cnty. of Santa Clara*, 03-cv-00137 WHA,

15   2008 WL 2050813 (N.D. Cal. May 13, 2008), and *Palomino v. Stanton*, 96-cv-2984 FMS, 1998

16   WL 196461 (N.D. Cal. Apr. 21, 1998)).  But defendants contend that those opinions misapplied

17   *Chase* and were incorrectly decided.

18        I disagree.  The *Chase* court expressly noted that its determination was based on "the

19   circumstances of the case at bench."  *Chase*, 67 Cal. App. 3d at 813.  Those circumstances are

20   different from those present here in a key respect.  In *Chase*, the plaintiff's original civil complaint

21   (filed after his administrative claim was rejected) named eight corporations and individuals and

22   Does one through 50 as defendants, but it did not name the public entity—California in that

23   case—as a defendant.  *Id*. at 810.  Nor did it allege the filing and rejection of the plaintiff's claim

---

[3] Per Cal. Government Code Section 950.2, "a cause of action against a public employee or former public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury is barred."  Accordingly, if the state law claims against San Francisco are barred because they do not relate back, the state law claims against Garay are also barred.

against California.  *Id*.  The plaintiff deliberately did not name California as a defendant, having

concluded at that time that California was not responsible for his injuries.  *Id*. at 812-13.

Accordingly, California was "unnamed and unconsidered" in the original complaint.  *Id*. at 813.

In contrast, in this case, the public entity and official at issue—the City and County of San

Francisco and Deputy Mario Garay—were very much "named and considered" in the original

complaint: the San Francisco Sheriff's Department[4] is listed on the caption and Deputy Garay is

identified under the list of defendants.  *See* Compl. at 1-2 [Dkt. No. 1].  Accordingly, *Chase* is not

an obstacle to relating Saunders's state law causes of action back to his original amended

complaint.

The state law causes of action in the amended complaint are based on the same general set

of facts, same defendants, and the same accident and injuries as the original complaint: Deputy

Garay's use of excessive force against Saunders in an incident on April 26, 2011.  *Compare* FAC

¶¶ 9-19 [Dkt. No. 37] *with* Compl. § III [Dkt. No. 1].  Accordingly, relation back is appropriate.

*See, e.g., Goldman v. Wilsey Foods, Inc.*, 216 Cal. App. 3d 1085, 1094 (Cal. Ct. App. 1989)

("'relation back' doctrine focuses on factual similarity rather than rights or obligations arising

from the facts, and permits added causes of action to relate back to the initial complaint so long as

they arise factually from the same injury"); *see also Jaffe*, 2008 WL 2050813 (state law claims not

barred by statute of limitations because they relate back to original federal civil rights complaint);

*Montes*, 2012 WL 1595683, *3 ("The court is persuaded by the approach in *Jaffe, Crump,* and

*Palomino* that allowed new state law claims to relate back to a complaint filed within the six

month period of the Tort Claims Act. Thus, plaintiff's tort claims relate back to his original

---

[4] The San Francisco Sheriff's Department is not a separate legal entity from the City and County of San Francisco.

United States District Court
Northern District of California

1    complaint and are not untimely.").[5]

2    **II.    INJUNCTIVE RELIEF**

3          Defendants argue that Saunders's request for injunctive relief should be dismissed because

4    his allegations "do not show a real and immediate threat of future injury. In fact, the complaint

5    does not include any conclusory allegation of future injury or harm." Mot. at 7.  Saunders does

6    not address this argument in his opposition brief.

7          Defendants are correct.  Saunders's request for injunctive relief is DISMISSED because he

8    has not pleaded that he faces a threat of future injury.  *See, e.g. City of Los Angeles v. Lyons*, 461

9    U.S. 95, 101-02 (1983) (plaintiff who requests injunctive relief must show that he "has sustained

10   or is immediately in danger of sustaining some direct injury as the result of the challenged official

11   conduct and the injury or threat of injury must be both 'real and immediate,' not 'conjectural' or

12   'hypothetical'") (citations omitted).

                                **CONCLUSION**

13

14         Defendants' motion to dismiss is GRANTED IN PART and DENIED IN PART.  Dkt. No.

15   42.  Saunders's request for injunctive relief is STRUCK.  Defendants' motion is DENIED as to

16

17   [5] At oral argument, counsel for defendants argued for the first time that relation back is precluded
     because Judge Chen dismissed San Francisco from the complaint in 2012.  In contrast, in their
18   papers, defendants argued that "[i]f a plaintiff omits from his original complaint known state
     claims against known public entities or employees, a plaintiff may not rely on relation back to
19   avoid the six months statute of limitations."  Mot. at 5; *see also* Reply at 7 ("Because plaintiff
     omitted all state law claims from his complaint for more than two and a half years, he may not
20   now rely on relation back to assert them against the City or Deputy Garay.").  These arguments are
     distinct.  Saunders did not have an opportunity to respond to the argument raised for the first time
21   at oral argument and I need not consider it.  *See, e.g., Makaeff v. Trump Univ., LLC*, 2014 WL
     2743244, at *4 n.2 (S.D. Cal. June 17, 2014) ("the Court need not consider issues raised for the
22   first time during oral argument").  But I will.  The case cited by defendants, *Troche v. Daley*, 217
     Cal. App. 3d 403 (Ct. App. 1990), does not warrant denying relation back in this case.  In *Troche*,
23   the plaintiff, who was represented by counsel, voluntarily dismissed a defendant from a legal
     malpractice suit.  *Id.* at 406.  Accordingly, as in *Chase*, the plaintiff in *Troche* made a deliberate
24   decision not to state claims against the would-be defendant.  Conversely, in this case, Saunders
     attempted to state claims against San Francisco but, proceeding without counsel, filed an initial
25   complaint which did not state a basis for holding San Francisco liable.  Judge Chen's
     determination that Saunders failed to state a claim against San Francisco is a circumstance wholly
26   unlike a plaintiff deliberately dismissing a defendant from a lawsuit (as in *Troche*) or deliberately
     omitting a defendant from a complaint (as in *Chase*).

27

28

1   Saunders's state law claims (second, third and fourth claims).

2          Defendants' motion to strike the untimely declaration of Saunders is GRANTED.  Dkt.

3   No. 48.

4          **IT IS SO ORDERED**.

5   Dated: September 4, 2014

6   
    _____
7   WILLIAM H. ORRICK
    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California